**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cr-20515/BLOOM**

UNITED STATES OF AMERICA,

v.

MICKEL LLOYD CUSHNIE,

     Defendant.

_____/

**<u>ORDER ON MOTIONS *IN LIMINE*</u>**

**THIS CAUSE** is before the Court upon the United States of America's (the "Government") Motion *in Limine* (the "Government's Motion"), ECF No. [40]. Also before the Court is Defendant Mickel Lloyd Cushnie's ("Defendant") Second Amended Motion *in Limine* ("Defendant's Motion"), ECF No. [45]. The Court has reviewed the Motions, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the Government's Motion is granted, and Defendant's Motion is denied.

## I.    BACKGROUND

In December 2025, the Government filed a two-count Indictment against Defendant, charging him with (i) one count of False Statements to a Federal Agency, in violation of 18 U.S.C. § 1001(a)(2) and (ii) one count of Fraud and Misuse of Visas, Permits, and other Documents, in violation of 18 U.S.C. § 1546(a). ECF No. [3].

The Government's Motion seeks the following pretrial rulings: (i) that the Court deem admissible evidence regarding (a) foreign prosecution and arrest records and (b) documents from Defendant's Alien File ("A-File"), and (ii) that the Court exclude any argument, evidence, or reference regarding (a) alleged corruption by Jamaican authorities as justification, excuse, or mitigation for Defendant's own unlawful actions; (b) Defendant's lack of criminal history in the

United States, family circumstances, and potential penalties if convicted; and (c) immigration policy or charging decisions. ECF No. [40] at 1.

Defendant's Motion seeks three rulings from the Court: (i) that no witness shall be permitted to testify regarding the substance of any alleged criminal activity by Mr. Cushnie in the United States, Jamaica, or any other foreign country; (ii) that no witness shall be permitted to testify regarding the substance of any alleged criminal investigations of Mr. Cushnie by Federal, Jamaican, or any other foreign agents; and (iii) that the defense be permitted to develop their theory of the case and defense which may include the theory and argument of alleged corruption by Jamaica officials or any other criminal investigation entity. ECF No. [45].

## II.   LEGAL STANDARD

### A.  Motions *in Limine*

"A motion *in limine* is made before a trial has begun for the purpose of excluding or including certain evidence." *Ramones v. Experian Info. Servs.*, No. 19-62949-Civ-Scola, 2021 WL 4050874, at *4 (S.D. Fla. Sept. 3, 2021) (citation omitted). "The purpose of a motion *in limine* is to give the trial judge notice of the movant's position in order to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Id*. Courts only have the power to exclude evidence *in limine* if that evidence is "clearly inadmissible on all potential grounds." *Id*. "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. June 10, 2010). During trial, "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. 41–42.

### B.  Relevance

While irrelevant evidence is never admissible, "[r]elevant evidence is admissible" unless

the Constitution, a federal statute, the Federal Rules of Evidence, or another rule made by the Supreme Court provides otherwise. Fed R. Evid. 402. According to Rule 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed R. Evid. 401.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. The Eleventh Circuit Court of Appeals has "long said that Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly circumscribed.'" *United States v. McGregor*, 960 F.3d 1319, 1324 (11th Cir. 2020) (quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). When resolving a challenge based on Rule 403, the district court "must 'look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id*. (quoting *Aycock v. R.J. Reynolds Tobacco Co*., 769 F.3d 1063, 1069 (11th Cir. 2014)).

## III.   DISCUSSION

### A.  Government's Motion

#### i.      Foreign Prosecution Records

The Government first asks the Court to admit criminal records from Jamaica establishing Defendant's murder arrest, charge, and prosecution. ECF No. [40] at 4. These documents are

accompanied by an Attestation of Authenticity of Foreign Public Documents signed by the Registrar of the Jamaican Criminal Registry. *Id.* at 5. The Government argues that these documents are self-authenticating and "relevant and admissible for the limited purpose of establishing the Defendant's knowledge of the 2009 arrest and the serious criminal charge pending against him," which in turn goes to whether Defendant made a false statement to a federal agency. *Id*. It is probative of his conscious purpose to avoid telling the United States Citizenship and Immigration Services ("USCIS") the truth. *Id.* at 6.

The Court agrees with the Government and finds these documents more probative than prejudicial and therefore admissible. The Government is required to prove that, in making a false statement to a federal agency, Defendant "acted willfully, knowing that the [statement] was false." *See* Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 036 (2025). The six documents referenced by the Government—covering Defendant's indictment, warrant for his arrest, scheduled appearances, release on bail, time in custody, actual arrest, and transfer—speak directly to Defendant's knowledge of his own foreign prosecution and arrest. Thus, the documents are far more relevant than they are unduly prejudicial, and the Court finds them admissible.

The Government represents that these documents are accompanied by the attestation required by Federal Rule of Evidence 902(3). ECF No. [40] at 5. To the extent that is the case, the Court will admit the documents once it is satisfied that all parties have had a reasonable opportunity to investigate the documents' authenticity and accuracy.

### ii.     A-File Documents

The Government next asks the Court to admit documents from Defendant's A-File. *Id.* at 6. Specifically, the Government seeks to admit "the Defendant's Form I-485 (Application to

Register Permanent Residence or Adjust Status), his Form I-551 (Permanent Resident Card), and other routinely kept documents from his immigration alien file." *Id*.

The Court finds these documents admissible. As to the Form I-485, it is first admissible as an admission by a party-opponent under Federal Rule of Evidence 801(d)(2) insofar as it bears Defendant's own written statement. Second, it—and any markings on it—are admissible under Federal Rule of Evidence 803(8), which deems public records admissible. Indeed, the Eleventh Circuit has expressly recognized that immigration records, like the Form I-485 and Form I-551 in question here, are admissible. *United States v. Rivera-Soto*, 451 F. App'x 806, 807 (11th Cir. 2014) ("We have previously held that 'routinely and mechanically kept' immigration records, such as deportation warrants, are admissible as public records." (citing *United States v. Agustino– Hernandez*, 14 F.3d 42, 43 (11th Cir. 1994)). Thus, the Court finds that the A-File records referenced by the Government are admissible. Upon proper authentication, the Court will admit them into evidence.

### iii.   Alleged Corruption by Jamaican Authorities

The Government next seeks to exclude any argument, evidence, or reference regarding alleged corruption by Jamaican authorities as justification, excuse, or mitigation for Defendant's own unlawful actions. ECF No. [40] at 7. The Government argues that these allegations are irrelevant and can only serve an improper purpose in the trial. *Id.* at 8.

The Court agrees. One of the key questions in this trial is whether Defendant knowingly made a false, material statement to a federal agency. *See* Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 036 (2025). Whether there was corruption among Jamaican officials is irrelevant to the question of whether criminal charges or criminal proceedings against Defendant

existed. Such allegations can only serve to encourage the jury to decide its verdict on improper grounds. *United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987) ("Statements designed to appeal to the jury's emotions or to inflame the passions or prejudices of the jury . . . are improper") (cleaned up and citations omitted). Thus, consistent with Rules 402 and 403 of the Federal Rules of Evidence, the Court excludes any argument, evidence, and reference regarding allegations of corruption among Jamaican officials.

### iv.     References to Defendant's Age, Lack of Criminal History, Family Circumstances, and Potential Penalties

The Government next asks the Court to hold irrelevant and inadmissible any evidence or argument referring to Defendant's age, lack of criminal history, family circumstances, and his relatives' lawful immigration status. ECF No. [40] at 8. The Government argues that these matters are aimed at engendering jury nullification, which is improper. *Id*. The Government further argues that the defense should be precluded from raising any potential penalties, including removal from the United States. *Id.* at 9.

The Court agrees. Consistent with the Eleventh Circuit's clear mandate, Defendant is precluded from introducing any arguments regarding jury nullification. *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998). References to Defendant's age, the immigration status of his relatives, Defendant's contributions to his family and/or society, Defendant's lack of criminal history in the United States, Defendant's pre-immigration hardships, the "American Dream," or Defendant's fear of returning to Jamaica would largely be improper. *See Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292873, at *3 (M.D. Fla. Mar. 31, 2014) (excluding reference to defendant's age on a motion *in limine* as it "is used merely to garner sympathy and not directly related to an element

of the causes of action or defenses thereto"); *United States v. Waters*, No. 1:07-CR-0137-JTC, 2008 WL 11442044, at *1 (N.D. Ga. Oct. 2, 2008) (excluding reference to defendant's lack of criminal history on a motion *in limine* as inadmissible character evidence); *United States v. Konstantinovskiy*, No. 19-CR-408, 2024 WL 3360379, at *11 (E.D.N.Y. July 10, 2024) (holding that while "[b]asic background information, such as education and employment, are routinely admitted, a defendant's personal characteristics and circumstances are . . . usually irrelevant to the issue of guilt or innocence under FRE 401, or any relevance of such evidence is outweighed by the risk of prejudice under FRE 403, and such evidence is therefore generally excluded.") (citation omitted); *United States v. Franzone*, No. 21-CR-446 (VSB), 2025 WL 1094496, at *8 (S.D.N.Y. Apr. 11, 2025) (excluding reference to "family background, health, and age" on a motion *in limine* as irrelevant to guilt or innocence). The Court cannot identify "any purpose for these topics other than to suggest jury nullification." *United States v. Williams*, No. 17-14050-CR, 2017 WL 11607837, at *7 (S.D. Fla. Nov. 13, 2017). So, too, would references to potential penalties be improper. *United States v. Muentes*, 316 F. App'x 921, 926 (11th Cir. 2009) ("A defendant is not entitled to an instruction informing the jury of the consequence of a guilt or innocence finding in terms of punishment.") (citations omitted). Thus, the Court excludes references to the matters identified by the Government, finding that they serve only to appeal to the emotions and sympathies of the jurors, rather than shedding light on any element of the charged offenses.

However, nothing in this proscription should be read to limit Defendant's right and ability to challenge the sufficiency, reliability, and credibility of the Government's evidence or to cross-examine witnesses or argue that the Government has failed to meet its burden of proof.

### v.      Immigration Policy or Charging Decisions

The Government argues that, under Federal Rules of Evidence 401 and 403, the Court should preclude reference to or questions regarding immigration policy and the Department of Justice's charging decisions, as those issues are not relevant to the case. ECF No. [40] at 9–10.

The Court agrees. The elements of the offense are clear, and broader questions of immigration policy or the charging decisions of the Department of Justice are simply not relevant to any of the elements. As such, the Court excludes references to immigration policy and charging decisions within the trial. *See United States v. Rodrigues*, No. 05-10009-CR, 2007 WL 788899, at *1 (S.D. Fla. Mar. 14, 2007), *aff'd sub nom. United States v. Dominguez*, 661 F.3d 1051 (11th Cir. 2011) (granting Government's motion *in limine* to exclude arguments regarding immigration policies). Such topics, however, may be raised during jury selection.

### B.  Defendant's Motion

Defendant asks the Court, first, to preclude any witness from testifying regarding the substance of any alleged criminal activity by Defendant in the United States, Jamaica, or any foreign country. ECF No. [45] at 1. Defendant's second request is that the Court exclude any testimony "regarding the substance of any alleged criminal investigations of [Defendant] by Federal, Jamaican, or any other foreign agents." *Id*. Both categories of testimony, Defendant argues, are irrelevant, and, consistent with Federal Rules of Evidence 401 and 403, their probative value is substantially outweighed by their prejudicial effect. *Id*.

The Court finds this request overly vague. "The court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Mowbray v. Carnival Corp.*, No. 08-20931-Civ, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citation and

quotation marks omitted). Motions that fail to identify "specific pieces of evidence" may be better suited to be presented as objections at trial. *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at \*1 (M.D. Fla. May 30, 2018) (citations omitted); *see also Seifert v. SF&P Advisors, Inc.*, No. 19-cv-80877, 2021 WL 2915351, at \*1 (S.D. Fla. July 12, 2021) ("[I]f evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." (alteration added; citation and quotation marks omitted)).

Here, it is not clear what Defendant means by "the substance of any alleged criminal activity" or "the substance of any alleged criminal investigations." The Court will not elect a particular interpretation of these phrases in the absence of specificity from Defendant as to what is meant. Thus, the Court denies Defendants' Motion as to the first two requests.

Defendants final request is that the Court permit the defense to develop its theory of the case and defense, which may include the theory and argument of alleged corruption by Jamaican officials or other criminal investigation entities. ECF No. [45] at 2. Defendant argues this information is relevant and sheds light on Defendant's guilt or innocence. *Id*.

The Court disagrees. As the Court ruled above, any alleged corruption is irrelevant to the fact of criminal charges or proceedings. It is Defendant's knowledge of criminal charges or proceedings that is at issue here, not the justification or lack thereof for those charges and proceedings. Accordingly, the Court denies Defendant's Motion as to this third request.

Moreover, the Court denies as moot Defendant's First Amended Motion *in Limine*, ECF No. [41], as it merely restates the arguments raised in Defendant's Motion.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Government's Motion, **ECF No. [40],** is **GRANTED.**

2. Defendant's Motion, **ECF No. [45]**, is **DENIED**.

3. Defendant's First Amended Motion *in Limine*, **ECF No. [41]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 9, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record